**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **POWER CORPORATION OF CANADA,** : | CIVIL ACTION NO. 4:09-CV-0510 |
| : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **POWER FINANCIAL,** : | |
| **JOHN DOES 1-10, and** : | |
| **ABC CORPORATIONS 1-10,** : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 13th day of April, 2009, upon consideration of plaintiff's motion (Doc. 7) for leave to serve process upon defendant Power Financial via email, and it appearing that a plaintiff who is unable to serve process through customary methods may request permission to effect service via alternate means, see PA. R. CIV. P. 430(a); see also FED. R. CIV. P. 4(e)(1), (h)(1)(A), and that a plaintiff filing such a request must show that (1) the plaintiff made a good faith effort to locate the defendant, (2) the plaintiff undertook practical efforts to effectuate service through traditional means, and (3) the alternate form of service is "reasonably calculated to provide the defendant with notice of the proceedings against him," Calabro v. Leiner, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006); see also PNC Bank, N.A. v. Unknown Heirs, 929 A.2d 219, 229 (Pa. Super. Ct. 2007), and it further appearing that a cease-and-desist letter sent by plaintiff's counsel to the mailing address listed on Power Financial's website was returned as undeliverable,

(Doc. 9, Ex. 1 ¶ 2), that plaintiff retained a private investigator to visit the site of the mailing address appearing on the website,[1] (Doc. 9, Ex. 2 ¶ 2), and that the investigator confirmed that Power Financial maintains no physical presence there, (id.), and the record reflecting that plaintiff retained a second private investigator to identify the owner of the internet domain www.powerfinloans.com, which Power Financial uses to transact business, (Doc. 9, Ex. 3 ¶ 2), that the domain is registered through an online service that shields the owner's identity from publicly accessible databases, (id. ¶¶ 3-4), and that the second investigator was unable to obtain Power Finanical's correct mailing address either by calling the company's customer support center[2] or from publically accessible online records, (id. ¶¶ 5-13), and the record further reflecting that plaintiff's counsel has sent messages to and received messages from Power Financial using the email address support@powerfinloans.com, (Doc. 9, Ex. 1 ¶ 3), and the court concluding that plaintiff has undertaken a good faith effort to identify a physical address for defendant and to serve process through traditional means, that Power Financial

---

[1] The only business housed at the mailing address is a branch of the UPS Store. (Doc. 9, Ex. 2 ¶ 2.) Power Financial does not maintain a postal box at the location. (Id. ¶ 3.)

[2] The investigator called the customer support telephone number listed on Power Financial's website and spoke with an individual who identified himself as Peter. (Doc. 9, Ex. 3 ¶ 11.) The individual, who handles customer support issues, refused to provide Power Financial's mailing address. (Id.) The investigator then asked to speak with a Power Financial sales representative but was informed that he could only contact sales personnel by submitting his email address and awaiting a response. (Id.) The investigator provided his email address but received no reply from defendant. (Id.)

has engaged in efforts to prevent plaintiff from ascertaining its physical location, and that serving Power Financial by email is reasonably calculated provide notice of the instant suit to Power Financial because its personnel have communicated with plaintiff's counsel using the address support@powerfinloans.com, see Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1013, 1017 (9th Cir. 2002) (allowing service via email because plaintiff, despite extensive inquiry, could identify no physical address for defendant); MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., No. 08 CV 2593, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) (authorizing email service on a foreign corporation because plaintiffs were unsuccessful in effectuating traditional service but demonstrated that defendants transacted business online); Keller Williams Realty, Inc. v. Lapeer, No. 4:08-CR-1292, 2008 WL 2944601, at *2 (S.D. Tex. July 31, 2008); Juniper Networks, Inc. v. Bahattab, No. Civ.A. 07-1771, 2008 WL 250584, at *1 (D.D.C. Jan. 30, 2008); Philip Morris USA, Inc. v. Veles Ltd., No. 06 CV 2988, 2007 WL 725412, at *2-3, (S.D.N.Y. Mar. 12, 2007); D.R.I., Inc. v. Dennis, No. 03 Civ. 10026, 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004), it is hereby ORDERED that:

1. Plaintiff's motion (Doc. 7) for leave to serve process by email is GRANTED. Plaintiff may serve defendant Power Financial via an email sent to the address support@powerfinloans.com. See PA. R. CIV. P. 430(a).

2. Plaintiff shall attach a copy of this order to the process served on Power Financial.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge